NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
ZURICH SPECIALTIES LONDON, LTD. :
    Plaintiff, : Civ. No. 03-4564 (GEB)
:
    v. : **MEMORANDUM OPINION**
:
BROOKS INSURANCE AGENCY, :
    Defendant. :
_____:
:
BROOKS INSURANCE AGENCY, :
    Third Party Plaintiff, :
:
    v. :
:
DASHWOOD, BREWER & PHIPPS, :
LTD. :
    Third Party Defendant. :
_____:

**BROWN, District Judge**

    This matter comes before the Court upon Third Party Defendant Dashwood, Brewer & Phipps, Ltd.'s ("Dashwood") Motion to Dismiss the Third-Party Complaint based on lack of personal jurisdiction. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, Dashwood's motion is granted.

**I.    BACKGROUND**

    The present action arises out of a contract dispute between Plaintiff Zurich Specialties London, Ltd. ("Zurich") and Defendant/Third-Party Plaintiff Brooks Insurance Agency ("Brooks"). Zurich is an insurance company based in London, England. (Compl. ¶ 1). Brooks is a corporation

with its principal place of business in Englishtown, New Jersey.  (3d Party Compl. ¶ 1).  In January 2000, Zurich entered into a Binding Authority Agreement ("Binding Authority" or "Agreement") with Brooks.  Pursuant to the Binding Authority, Brooks was authorized to write various insurance policies within the State of New York on behalf of Zurich.

Dashwood, a London-based insurance broker, was instrumental in forming the Binding Authority between Zurich and Brooks.  Dashwood drafted the Agreement in London, and negotiated its terms with Zurich and Brooks.  (3d Party Compl. ¶ 2).  Pursuant to the Agreement, Dashwood was entitled to a 5% commission.  Dashwood, however, is not a party to the Binding Authority itself. (Hazell Aff., ¶ 4).  Dashwood is subject to the laws and regulations of England.  It is not authorized to conduct business in New Jersey, or any state in the United States, and places most of its business with underwriters in the London market.  Occasionally, Dashwood will place insurance in international markets or other authorized areas.  (*Id.* ¶ 5).  Dashwood does not maintain offices in New Jersey, nor do any of its employees reside in New Jersey.  Additionally, Dashwood has never owned or leased a property in New Jersey, and never held a bank account in the state.

On September 24, 2003, Zurich filed suit against Brooks for breach of contract.  Nearly one year later on September 22, 2004, Brooks filed a third-party complaint against Dashwood seeking indemnity or contribution in the event that it is found liable.  On December 16, 2004, Dashwood filed the instant motion to dismiss for lack of personal jurisdiction.

**II.    DISCUSSION**

A federal court may exercise personal jurisdiction over a nonresident defendant of the state in which it sits "to the extent authorized by the law of the state."  *Carteret Savings Bank, FA v.*

2

*Shushan*, 954 F.2d 141, 144-45 (3d Cir. 1992), *cert. denied*, 506 U.S. 817 (1992) (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436 (3d Cir. 1987)). New Jersey's long-arm statute permits the exercise of *in personam* jurisdiction as far as is constitutionally permissible under the Due Process Clause of the Fourteenth Amendment. *See* N.J. Ct. R. 4:4-4; *Carteret Savings Bank,* 954 F.2d at 145; *Romero v. Argentinas*, 834 F. Supp. 673, 678 (D.N.J. 1993). Therefore, the question of whether the court may exercise jurisdiction over the nonresident defendant is governed by federal constitutional law. *See Decker v. Circus Circus Hotel*, 49 F. Supp. 2d 743, 746 (D.N.J. 1999) (citing *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 698 (3d Cir. 1990)).

The power of a court to assert personal jurisdiction over a nonresident defendant is limited by the Due Process Clause of the Fourteenth Amendment. *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal.*, 480 U.S. 102, 108 (1987). The Court may exercise jurisdiction over the nonresident defendant only where the defendant has sufficient minimum contacts with New Jersey such that the exercise of jurisdiction would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). Under the Fourteenth Amendment, the court can exercise personal jurisdiction over an out-of-state defendant where "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). The contacts must be of a texture and quality such that the defendant would reasonably anticipate being haled into court in New Jersey. *See Burger King*, 471 U.S. at 474 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). However, the unilateral activities of the in-state plaintiff initiating contact with the out-of-state defendant will not satisfy the requirement of contact with the forum state. *See id.*

3

at 474-75 (quoting *Hanson*, 357 U.S. at 253). Rather, the plaintiff must demonstrate that the defendant somehow purposely directed its commercial activities into the State and thereby availed itself of protections of the State's laws. *See id.* at 476 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774-75 (1984)).

The Supreme Court has delineated two categories of *in personam* jurisdiction under which a court may exercise jurisdiction over an absent defendant. *Mesalic*, 897 F.2d at 699 (citation omitted). The court has specific jurisdiction over an absent defendant where the defendant purposely directs its activities at residents of the forum state, and litigation results from alleged injuries arising from those specific in-state activities. *See Burger King*, 444 U.S. at 472 (citing *Helicopteros Nationales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). Additionally, the court has general jurisdiction over an out-of-state defendant when the litigation does not arise out of the defendant's specific contacts with the forum if the defendant has been carrying on "continuous and systematic" activities in the forum, such that the defendant can reasonably anticipate being haled into court in the forum. *See Helicopteros*, 466 U.S. at 415.

Once the jurisdictional defense is raised, the plaintiff bears the burden of proving that the defendant's contacts with New Jersey are sufficient to give the court personal jurisdiction over the defendant. *Mesalic*, 897 F.2d at 699; *Miller v. McMann*, 89 F. Supp. 2d 564, 566 (D.N.J. 2000) (citation omitted). "[T]he plaintiffs must show with reasonable particularity, the nature and extent of the defendant's contacts with the forum state so as to permit this Court to exercise its *in personam* jurisdiction over the defendant." *Decker*, 49 F. Supp. 2d at 749 (D.N.J. 1999) (citation omitted).

In the present case, Brooks concedes that the Court does not have general jurisdiction over Dashwood based on the lack of systematic or continuous contacts with the State. (Brooks' Opp'n

at 7). Instead, Brooks argues that the Court may assert specific jurisdiction based on sufficient minimum contacts with New Jersey. Specifically, Brooks asserts that Dashwood acted as an intermediary between Zurich and Brooks with respect to the Binding Authority, and in doing so made numerous telephone calls and emails to Brooks' office in Englishtown, New Jersey. Brooks furthers asserts that Dashwood received monthly bordereaux from Brooks, which were then forwarded to Zurich, and received a 5% commission from the net premium dollars due under the Agreement. (Id. at 4-5).

      The Court disagrees that these contacts are sufficient to confer specific jurisdiction over the non-resident defendant. Plaintiff fails to demonstrate that Dashwood purposely directed its commercial activities to the forum state. The record indicates that the activities which gave rise to the Binding Authority, and therefore this litigation, occurred outside of New Jersey. For example, the initial meeting in which Dashwood recommended that Zurich engage in business with Brooks occurred in London. (Certification of Brad M. Weintraub, Esq. In Opposition to Third-Party Defendant's Motion to Dismiss ("Weintraub Cert."), Ex. A at 32; Ex. B at 31-32). Additionally, the initial meeting where all parties, i.e., Zurich, Brooks, and Dashwood, further discussed the potential of doing business together occurred at a convention in New York City. (Weintraub Cert., Ex. A at 31-36; Ex. B at 34-35). The record also indicates that after the New York meeting, the Vice-President of Brooks, David Rosen, met with Zurich representatives in its London office to continue discussions regarding the Binding Authority. (Id., Ex. A at 35). Moreover, the Agreement was drafted by Dashwood in London, and subsequently executed by Zurich and Brooks. (3d Party Compl., ¶ 2). The Court finds that these facts do not demonstrate that Dashwood purposely directed its commercial activities to the State of New Jersey, nor availed itself to the benefits and protections

5

of this State.

      Brooks cites *Lebel v. Everglades Marina, Inc*,. 558 A.2d 1252 (N.J. 1989) in support of its assertion that there are sufficient contacts for specific jurisdiction. However, that case is factually distinguishable. In *Lebel*, the Supreme Court of New Jersey concluded that the defendant, a boat seller in Florida, had sufficient contacts with the state of New Jersey to establish personal jurisdiction. In arriving at this conclusion, the court noted that the plaintiff allegedly received at least twenty phone calls of solicitation from the defendant in New Jersey. *Lebel*, 558 A.2d at 1253. Once the contract was formed, the plaintiff alleged that the defendant telephoned the buyer to finalize the details of the contract, mailed the contract to the buyer in New Jersey for signing, and received payments from the New Jersey resident.

      This is clearly not the case here. There is no evidence that Dashwood solicited business from Brooks in New Jersey. Although the record does show that Roger Livett, the placing broker of Dashwood, communicated with David Rosen by telephone, email, facsimile, and in person, this does not provide the proper basis for haling Dashwood into this forum. These communications were made to implement and effectuate the Agreement with Brooks who happens to have an office in New Jersey – not to solicit its business. Therefore, because Brooks fails to meet its burden of proving that Dashwood's contacts with New Jersey were sufficient minimum contacts for purposes of personal jurisdiction, the Court grants Dashwood's Motion to Dismiss.

### III.  CONCLUSION

For the foregoing reasons, Dashwood's Motion to Dismiss the Third-Party Complaint is granted.  An appropriate form of order accompanies this Memorandum Opinion.


Dated:         April 28, 2005


                                                                    s/ Garrett E. Brown, Jr.
                                                              GARRETT E. BROWN, JR., U.S.D.J.